67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Noel Edward PLUNKETT, Plaintiff-Appellant,
v.
UNITED STATES of America; United States Department of
Justice; Bureau of Prisons; Mark H. Luttrell, Warden;
Jerry Payne, Hospital Administrator; Debra Charlton
Shepard, Assistant Hospital Administrator; John Doe(s),
Defendants-Appellees.
 No. 95-5134.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1995.
 
 Before: MILBURN, GUY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Noel Edward Plunkett, a pro se federal prisoner, moves for counsel and for a temporary restraining order on appeal from a district court order granting the defendants' motions to dismiss and motions for summary judgment in this civil rights action filed pursuant to the Federal Tort Claims Act and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Plunkett filed this action alleging that the defendants at the Federal Correctional Institution, Manchester, Kentucky, have demonstrated deliberate indifference to his serious medical needs, and specifically, problems with his eyes and feet. Plunkett sued the defendants in both their individual and official capacities.
 
 
 3
 A magistrate judge filed a Proposed Findings of Fact and Recommendation, in which he recommended that, with the exception of two claims, the defendants' motions to dismiss or, alternatively, for summary judgment should be granted. The magistrate judge also granted Plunkett's motion to have his feet examined by a medical doctor.
 
 
 4
 Upon consideration of the information contained in the report of the examining doctor, the magistrate judge issued a Supplemental Proposed Findings of Fact and Recommendation, recommending that summary judgment be granted in favor of defendants Luttrell, Payne, and Shepard, on Plunkett's claim that they, in their individual capacities, had demonstrated deliberate indifference to his serious medical needs. The magistrate judge also recommended that summary judgment be granted in favor of all of the defendants on Plunkett's claim for injunctive relief in the form of medical care for his feet. A Second Supplemental Proposed Findings of Fact and Recommendation was issued wherein the magistrate judge continued to find that defendants Luttrell, Payne, and Shepard, were entitled to summary judgment on Plunkett's claim that these defendants, in their individual capacities, demonstrated deliberate indifference to Plunkett's serious medical needs. In an order filed January 11, 1995, the district court adopted the reports and recommendations as the opinion of the court.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Plunkett's claim for money damages against the United States, the United States Department of Justice, the United States Bureau of Prisons, and defendants Luttrell, Payne, and Shepard for failure to state a claim upon which relief may be granted. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994). It is well established that, absent an express waiver, the doctrine of sovereign immunity bars the plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. See United States v. Sherwood, 312 U.S. 584, 586 (1941). There has been no such express waiver in this case.
 
 
 6
 Upon further review, we conclude that summary judgment was proper on Plunkett's Eighth Amendment claims as there are no genuine issues as to any material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. United States Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 7
 Regarding Plunkett's claim that the defendants were deliberately indifferent to the medical care Plunkett needed for his feet, the record is replete with evidence that Plunkett received competent medical attention and that none of the defendants were deliberately indifferent to Plunkett's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Essentially, Plunkett disagrees with the quantity and quality of treatment he has received. A difference of opinion between a prisoner and a doctor over diagnosis or treatment does not state an Eighth Amendment claim of deliberate indifference to a serious medical need. Id. at 107; Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).
 
 
 8
 Finally, the district court did not abuse its discretion when the court denied Plunkett's motion for the appointment of counsel. See Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). There is no constitutional right to the appointment of counsel in civil cases. Id. at 605-06. Appointment of counsel pursuant to 28 U.S.C. Sec. 1915(d) is not appropriate when a pro se litigant's claims are frivolous, Henry v. City of Detroit Manpower Dep't, 739 F.2d 1109, 1119 (6th Cir.1984), vacated on jurisdictional grounds, 763 F.2d 757 (6th Cir.) (en banc), cert. denied, 474 U.S. 1036 (1985), or when the chances of success are extremely slim. Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.1983). The circumstances of this case did not justify the appointment of counsel.
 
 
 9
 Accordingly, the motion for counsel and the motion for a temporary restraining order are denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.